[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
On March 26, 2002, the parties stipulated and the court ordered that the defendant would have sole legal custody of the parties' two minor children, Alyssa, who is eight, and Mark, who is six. The prior orders concerning visitation were left in effect. On March 26, 2002, the plaintiff told the court that he had entered the agreement voluntarily, that he had had sufficient time to get a lawyer and intended to proceed without one, that he believed the agreement was fair and equitable, and that it settled all matters between the parties. The court evidently did not note that the plaintiff signed the stipulation by writing beneath his signature "unwilling participant." However, the canvas was thorough. Incredibly, the plaintiff proceeded that same day to the clerk's office and filed a motion to modify the visitation schedule.
That motion is denied. It is in the best interests of the children that the current schedule continue in effect. It is contrary to the best interests of the children that they be transferred from one parent to the other in a parking lot.[1]
The plaintiff also seeks clarification of a provision in the parties' agreement of January 31, 2000, which was approved and ordered by the court, and the defendant seeks to have him held in contempt for violating that provision. The order in question is inserted into a paragraph dealing with vacation schedules, and says: "Both the father and the mother agree to show consideration for and defer to activities reasonably available to the children that involve travel, camp, education or similar commitments during recess periods and that may otherwise interfere with the parenting schedule." The plaintiff correctly reads this to mean that the order as written only applies to vacation periods. He cannot, therefore, be held in contempt for not bringing the children to activities scheduled for non-vacation periods.
The plaintiff takes his reading of the language of the judgment too far, however. He takes it to mean that he can at will determine what CT Page 15915 activities the children must miss during their non-vacation time with him. For the plaintiff; the issue is not about the children, or their activities, or their best interests. It's about his needs and his power. Because she has sole legal custody, the defendant has complete authority to schedule the children for activities as she sees fit whether or not those activities take place during summer vacation. She exercises restraint, balancing the changing needs of the children for involvement in beneficial activities with their need to have meaningful time with their father. His obligation is to parent the children during his scheduled time, which necessarily means getting them to their activities.
The plaintiff shall be responsible for the defendant's attorney's fees in connection with these motions, and shall pay $5,094.30 plus the fees for the final day of trial by making payment to the defendant in the amount of $50.00 per week until paid in full. The amount due for the last day of trial shall be determined by the defendant's attorney submitting an affidavit of fees in connection with that event. If the plaintiff objects, he shall notify the court within ten days, and a hearing will be scheduled. If no objection is filed within ten days of the receipt of the affidavit, the fees will be awarded.
All other motions were decided from the bench. Orders on all motions will enter accordingly.
BY THE COURT,
GRUENDEL, J.